UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD COOLEY,                          Case No. 14-10529

               Plaintiff,              Matthew P. Leitman
v.                                       United States District Judge

COMMISSIONER OF SOCIAL                   Michael Hluchaniuk
SECURITY,                                United States Magistrate Judge

               Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkts. 19, 20)**

## I.   PROCEDURAL HISTORY

    A.   <u>Proceedings in this Court</u>

On February 4, 2014, plaintiff filed the instant suit seeking judicial review of the Commissioner's decision disallowing benefits.  (Dkt. 1).  Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3),  District Judge Matthew P. Leitman referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claims.  (Dkt. 5).  This matter is before the Court on cross-motions for summary judgment.  (Dkts. 19, 20).  The cross-motions are now ready for report and recommendation.

1

B.   Administrative Proceedings

Plaintiff filed the instant claim for a period of disability and disability insurance benefits on May 2, 2011, alleging disability beginning April 4, 2005. (Tr. 28).[1]  The Commissioner initially denied plaintiff's disability application on October 3, 2011.  (Tr. 110-14).  Thereafter, plaintiff requested an administrative hearing, and on May 24, 2012, he appeared with counsel before Administrative Law Judge ("ALJ") David A. Mason, Jr., who considered his case de novo.  (Tr. 34-72).  In a June 6, 2012 decision, the ALJ determined that plaintiff was not disabled within the meaning of the Social Security Act.  (Tr. 22-33).  The ALJ's decision became the final decision of the Commissioner on August 13, 2012, when the Social Security Administration's Appeals Council denied plaintiff's request for review.  (Tr. 6-11).  Plaintiff filed this suit on February 4, 2014.  (Dkt. 1).

For the reasons set forth below, the Court concludes that substantial evidence supports the decision of the Administrative Law Judge. The Court therefore **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (Dkt. 19) be **DENIED**, that Defendant's Motion for Summary Judgment (Dkt. 20) be **GRANTED**, and that, pursuant to 42 U.S.C. § 405(g), the decision of the Commissioner of Social Security be **AFFIRMED**.

---

[1] Prior to the hearing, plaintiff amended his last date insured to December 31, 2008.  (Tr. 225-26).

2

## II.   FACTUAL BACKGROUND

### A.   ALJ Findings

Plaintiff had past relevant work as a courier.  (Tr. 30).  The ALJ applied the five-step disability analysis to plaintiff's claims and found at step one that between the alleged onset date (April 4, 2005) and the last date insured (December 31, 2008), plaintiff did not engage in any substantial gainful activity.  (Tr. 27).  At step two, the ALJ found that plaintiff had the following severe impairment: degenerative disc disease of the lumbar spine.  (*Id.*).  At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled one of the listings in the regulations.  (*Id.*)

The ALJ determined that plaintiff had the residual functional capacity (RFC) to perform:

> a range of light work as defined in 20 CFR 404.1567(b). The claimant is capable of lifting and carrying twenty pounds occasionally and ten pounds frequently; can stand six hours out of an eight-hour workday; and sitting six hours out of an eight-hour workday. The claimant can frequently climb ramps and stairs; occasionally climb ladders, ropes and scaffolds; frequently balance; and occasionally stoop, kneel, crouch and crawl.

(Tr. 27).  At step four, the ALJ also determined that plaintiff was capable of performing his past relevant work as a courier because his past work "did not require the performance of work-related activities precluded by the claimant's

residual functional capacity[.]" (Tr. 30).   The vocational expert who testified at the administrative hearing agreed, concluding that plaintiff could return to his work as a courier as the demands of his past work would not exceed the RFC. (*Id*.)   The ALJ, therefore, determined that plaintiff was not under a disability at any time from April 4, 2005, until December 31, 2008.   (*Id*.)

      B.    <u>Plaintiff's Claims of Error</u>

      1.    Credibility

Plaintiff raises two arguments regarding why he believes the ALJ erred when he discounted plaintiff's credibility.   First, plaintiff says that the medical evidence supports his subjective complaints of pain and the ALJ ignored this evidence in making his RFC conclusions.   Second, plaintiff argues that the ALJ failed to give specific reasons for discounting his credibility as required by SSR 96-7p and 20 C.F.R. § 404.1529(c)(3).   (Dkt. 19, Pl.'s Mot. Summ. J. at 19).

Specifically, plaintiff contends that his back impairments began after he fell from a ladder in 2005.   (Tr. 377).   Plaintiff points to two emergency room visits that reveal complaints of back pain.   (Tr. 348-49, 357).   On the second emergency room visit, plaintiff claims that a magnetic resonance imaging (MRI) test of his thoracic spine revealed a central disc bulge at T6-T7 and a depression deformity of the T5 vertebral body which appeared chronic in nature.   (Tr. 349).   Plaintiff also notes follow-up treatment on August 16, 2007.   (Tr. 307).   Furthermore, following

4

a computed tomography ("CT") scan that revealed a left iliac artery aneurysm, plaintiff claims that further monitoring was determined to be the appropriate course of treatment because "surgery would hold too high of a risk." (Dkt. 19, Pl's Mot. Summ. J. at 8; *see also* Tr. 307-08). Plaintiff underwent more testing on November 21, 2008 to determine the cause of his pain, which revealed nodules and atherosclerotic changes in the thoracic and abdominal aorta. (Tr. 254). Plaintiff followed up with his doctors on December 10, 2008, when his back pain medications were refilled. (Tr. 247). This began a series of office visits over the next year where plaintiff's back was checked and he was given prescription refills and/or lumbar injections. (Tr. 242, 245, 246, 279, 281, 282, 284, 285, 287-89). A later CT scan of plaintiff's lumbar spine revealed multilevel spondylosis and facet arthrosis; disc bulges at the L2-L3 through L5-S1 disc levels; relative mild bilateral neural forminal narrowing at the L3-L4 and L4-L5 levels; and aortoiliac atherosclerosis. (Tr. 259). Following the CT scan, plaintiff continued medication management for his back pain, though he claims this was only partially effective. (Tr. 265-77). Plaintiff continued treatment in February and April 2012 for degeneration of his thoracic and/or lumbar vertebral discs. (Tr. 320, 324).

Plaintiff claims that, in addition to not adequately weighing the medical evidence above, the ALJ also failed to provide an adequate explanation of his ultimate credibility finding as required by SSR 96-7p and 20 C.F.R.

5

§ 404.1529(c)(3).  Plaintiff argues that while the ALJ does summarize the medical records, he does not make specific findings regarding inconsistencies that he believed to have existed.  (Dkt. 19, Pl.'s Mot. Summ. J. at 11).  In other words,

> It is not enough for the ALJ to generally state that he did not feel the objective findings were severe enough to cause pain. Instead, an ALJ must follow the instructions given in SSR 96-7p and 20 C.F.R. § 404.1529(c)(3) to determine whether diagnostic tests and other evidence in the record support the pain alleged.

(*Id*.)  Therefore, plaintiff contends that the ALJ failed to properly explain his credibility findings.  (*Id*.)

### 2.    The RFC is not supported by substantial evidence

Plaintiff also claims that the ALJ's step five determination is not supported by the substantial weight of the evidence.  Specifically, plaintiff claims that the ALJ erred by concluding that he could perform "light" work.  (Dkt.19, Pl.'s Mot. Summ. J. at 13.)  Plaintiff says that the evidence shows that he is unable to perform work at this level due to his debilitating pain and on-going spinal symptoms.  (*Id*.)  Plaintiff cites his January 29, 2009 office visit where he rated his pain a six or seven on a ten point scale, and sometimes the pain was a ten-out-of-ten.  (*Id*.)  Plaintiff notes several other office visits where he mentions the need for prescription management and/or lumbar injections.  (*Id*. at 13-14; *citing* Tr. 242, 245, 246, 279, 281, 282, 284, 286, 287-89).  In March 2010, plaintiff

underwent a CT scan of the lumbar spine which revealed multilevel spondylosis and diffuse disc bulges.  (*Id*. at 14; Tr. 259).  The scan also revealed mild bilateral neural foraminal narrowing and aortoiliac atherosclerosis.  (*Id*. at 14; Tr. 259). Throughout the remainder of 2010 and until the filing of this lawsuit, plaintiff continued to be seen for his back pain, but maintains that medication management was only "partially successful" in treating his back pain.  (Dkt. 19, Pl.'s Mot. Summ. J. at 15.)  Therefore, plaintiff argues that the RFC does not accommodate his limitations.  Namely, plaintiff claims that he would not be able to perform the physical lifting, carrying, walking and standing requirements of "light" work.  (*Id*.) Furthermore,  plaintiff claims that his pain would cause his concentration and focus to decrease substantially.  (*Id*.)

   C.   The Commissioner's Motion for Summary Judgment

      1.   The ALJ properly evaluated plaintiff's credibility

The Commissioner contends that the ALJ engaged in an adequate credibility discussion and that the ALJ's findings were supported by substantial evidence. (Dkt. 20, Def.'s Mot. Summ. J. at 11).  Specifically, the Commissioner contends that the ALJ evaluated plaintiff's credibility in accordance with the applicable regulations and provided good reasons why he discounted his credibility.  (Tr. 28-29).  Therefore, the Commissioner argues that the ALJ's credibility determination should not be disturbed.

The Commissioner notes that the ALJ acknowledged plaintiff's allegation that he was disabled by back pain prior to plaintiff's last date insured, December 31, 2008. (Tr. 28). However, in declining to fully credit this allegation, the ALJ considered that there was little evidence of treatment for back pain between 2005 and 2007, and that no treating physician had indicated that plaintiff was limited from performing work activities. (Dkt. 20, Def.'s Mot. Summ. J. at 12; Tr. 28-29); *See Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990) (finding claimant's failure to seek treatment for spine impairment was one reason to find claimant not credible); Social Security Ruling (SSR) 96-7p, 1996 WL 374186, at *7 (Jul. 2, 2006) ("the individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints"). The ALJ's finding about lack of treatment was accurate, given that the records from 2005 through 2007 document only about six visits to the doctor concerning back pain (Tr. 352-353, 357, 363-364, 377-378, 388, 391-392). *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 532 (6th Cir. 1997) ("The absence of sufficient objective medical evidence makes credibility a particularly relevant issue, and in such circumstances, this court will generally defer to the Commissioner's assessment when it is supported by an adequate basis.").

The Commissioner also argues that in declining to fully credit plaintiff's allegations, the ALJ noted that the objective medical evidence was generally

inconsistent with the severity of plaintiff's claims.  (Dkt. 20, Def.'s Mot. Summ. J. at 13; Tr. 28-29); 20 C.F.R. § 404.1529(c)(4) (in evaluating statements about pain or other symptoms, the ALJ will consider any inconsistencies in the evidence); SSR 96-7p, 1996 WL 374186, at *5 (stating that one strong indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record).  For instance, the Commissioner argues that the ALJ noted that a April 2010 CT scan of plaintiff's lumbar spine showed only mild spondylosis and facet arthrosis, with no significant lumbar spinal canal stenosis and normal alignment (Dkt. 20, Def.'s Mot. Summ. J. at 13; Tr. 29, 259). The ALJ also noted that a more recent CT scan of the lumbar spine (taken in April 2012) continued to show only mild degenerative changes, without acute fracture or compression (Tr. 29, 335).

Finally, the Commissioner contends that the ALJ justifiably discounted from plaintiff's credibility based on plaintiff's reports about his daily activities. (Dkt. 20, Def.'s Mot. Summ. J. at 13).  In this regard, the ALJ noted that plaintiff engaged in activities including fishing, doing laundry, mowing the grass, and shopping (Tr. 28).  *See Blacha*, 927 F.2d at 231 ("As a matter of law, an ALJ may consider household and social activities in evaluating complaints of disabling pain.")  He also noted plaintiff's testimony that, in 2008, he was able to lift up to twenty pounds at one time, and could lift ten pounds repeatedly (Tr. 28).  20

9

C.F.R. § 404.1567(b) ("Light" work involves lifting no more than twenty pounds at a time with frequent lifting or carrying of up to ten pounds).

2.     Substantial evidence supports the RFC finding

The Commissioner argues that the ALJ's conclusion that plaintiff could perform "light" work during the insured period is supported by substantial evidence.  (Dkt. 20, Def.'s Mot. Summ. J. at 15).  The Commissioner contends that rather than citing to evidence during the insured period, plaintiff cites to evidence from 2009 through 2012.  (*See* Def.'s Mot. Summ. J. at 15, *citing* Pl.'s Mot. at 13-15).  The Commissioner notes that the ALJ did acknowledge that plaintiff "does experience some levels of pain and limitations" (Tr. 29); however, it contends that the ALJ reasonably determined, based upon the record evidence, as well as the expert opinion of State reviewing physician Dr. Stevens (Tr. 105-107) that plaintiff's pain did not prevent him from performing the demands of "light" work (Tr. 28-29).  That plaintiff can point to other evidence in the record that he believes supports a more limited RFC finding is not determinative, because it is for the ALJ to resolve any conflicts in the evidence.  *See Siterlet*, 823 F.2d at 920. As such, the Commissioner concludes that because the ALJ's RFC finding is supported by substantial evidence, it should not be disturbed.[2]  *See Crisp v. Sec'y*

---

[2] Importantly, the ALJ determined plaintiff's case at step four, not five.  Therefore, the burden remained with plaintiff to prove the existence of a disability.  *See Jones v. Comm'r of Soc. Sec.*, 336 F.d 469, 474 (6th Cir. 2003) ("Through step four, the claimant bears the burden of

10

*of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986) (where substantial evidence supports the Secretary's decision denying benefits, it is conclusive, even though the record may also contain substantial evidence in support of the claimant's position).

Moreover, the ALJ obtained expert testimony from a vocational expert ("VE") in finding that, given plaintiff's RFC, he could perform his past relevant work as a courier (Dkt. 20, Def.'s Mot. Summ. J. at 16; Tr. 30); *Smith v. Halter*, 307 F.3d 377, 378 (6th Cir. 2001) ("A vocational expert's testimony concerning the availability of suitable work may constitute substantial evidence where the testimony is elicited in response to a hypothetical question that accurately sets forth the plaintiff's physical and mental impairments."). Plaintiff does not argue that the hypothetical question to the VE failed to mention all the limitations set out in the RFC finding, nor could he (Tr. 69-70). Rather, plaintiff again argues that the ALJ's finding at step four was not supported by substantial evidence, because the RFC finding should have contained greater limitations (Dkt. 19, Pl.'s Br. at 11-12). The Commissioner argues that the ALJ's RFC finding was supported by substantial evidence, and consequently, so was his reliance upon the VE's reliable testimony at step four (Dkt. 20, Def.'s Mot. Summ. J. at 17; Tr. 28-29).

---

proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work . . .").

## III.   DISCUSSION

### A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious.  *Sullivan v. Zebley*, 493 U.S. 521 (1990).  The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council.  *Bowen v. Yuckert*, 482 U.S. 137 (1987).  If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g).  Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record."  *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters*, 127 F.3d at 528.  In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or

12

decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may . . . consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v.*

13

*Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly

14

addressing in his written decision every piece of evidence submitted by a party.")
(internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*,
198 Fed. Appx. 521, 526 (6th Cir. 2006).

B.    Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits."
*Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994);
*accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003).
There are several benefits programs under the Act, including the Disability
Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq*.) and the
Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et
seq*.).  Title II benefits are available to qualifying wage earners who become
disabled prior to the expiration of their insured status; Title XVI benefits are
available to poverty stricken adults and children who become disabled.  F. Bloch,
Federal Disability Law and Practice § 1.1 (1984).  While the two programs have
different eligibility requirements, "DIB and SSI are available only for those who
have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).
"Disability" means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment which can be expected to result in death or
> which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

15

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a)

(SSI).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two:  If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three:  If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing,

20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534.  "If the Commissioner

makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

C. <u>Analysis</u>

1. The ALJ's Credibility Determination is Supported by Substantial Evidence

Plaintiff points to his alleged severe back pain and argues that the ALJ erred in concluding that his testimony as to the intensity and persistence of his symptoms associated with this impairment was not entirely credible.  As the relevant Social Security regulations make clear, however, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. §§ 404.1529(a), 416.929.  Instead, the Sixth Circuit has repeatedly held that "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms."  *See Workman v. Comm'r of Soc. Sec.*, 105 Fed. Appx. 794, 801 (6th Cir. 2004); *see also Moon v. Sullivan*, 923 F.2d 1175, 1182-83 (6th Cir. 1990) ("[T]hough Moon alleges fully disabling and debilitating symptomology, the ALJ, may distrust a claimant's allegations . . . if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other.").

"It [i]s for the [Commissioner] and his examiner, as the fact finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001) (quoting *Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972)).  As the Sixth Circuit has held, determinations of credibility related to subjective complaints of pain rest with the ALJ because "the ALJ's opportunity to observe the demeanor of the claimant 'is invaluable, and should not be discarded lightly.'" *Kirk v. Sec'y of*

18

*Health & Human Servs*., 667 F.2d 524, 538 (6th Cir. 1981) (citation omitted).

Thus, an ALJ's credibility determination will not be disturbed "absent compelling

reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). The ALJ is not

required to accept the testimony of a claimant if it conflicts with medical reports,

the claimant's prior statements, the claimant's daily activities, and other evidence

in the record. *See Walters v. Comm'r of Soc. Sec*., 127 F.3d 525, 531 (6th Cir.

1997). Rather, when a complaint of pain or other symptoms is in issue, after the

ALJ finds a medical condition that could reasonably be expected to produce the

claimant's alleged symptoms, he must consider "the entire case record, including

the objective medical evidence, statements and other information provided by

treating or examining physicians . . . and any other relevant evidence in the case

record" to determine if the claimant's claims regarding the level of his pain are

credible. SSR 96-7p, 1996 WL 374186, at *1 (July 2, 1996); *see also* 20 C.F.R.

§ 404.1529. Consistency between the plaintiff's subjective complaints and the

record evidence 'tends to support the credibility of the [plaintiff], while

inconsistency, although not necessarily defeating, should have the opposite

effect." *Kalmbach v. Comm'r of Soc. Sec*., 409 Fed. Appx. 852, 863 (6th Cir.

2011).

  Here, the undersigned agrees with the Commissioner that the ALJ's

conclusions regarding plaintiff's claims of disabling limitations are supported by

substantial evidence.  As acknowledged by plaintiff, it appears that the ALJ

reviewed all relevant medical evidence, including evidence from treating

physicians relating to medical records rendered outside the relevant period, or

after the date last insured of December 31, 2008.[3]  (Tr. 27-29).  As a part of this

review, the ALJ indicates that there was "little record" of complaints of low back

pain during the relevant period from 2005 to 2008.  (Tr. 28, *citing* Exs. 2F, 3F, 4F,

7F).  Additionally, the ALJ notes that the record is devoid of any opinions or

directives from any treating sources limiting the plaintiff in his work-related

activities.  (Tr. 29).  The ALJ further cites medical evidence that suggests that

plaintiff's condition was generally inconsistent with the severity of his claims.  For

example, the ALJ notes an April 2010 CT scan that showed only mild multilevel

lumbar spondylosis and facet arthrosis with no significant lumbar spinal canal

---

[3]  Plaintiff filed additional medical records to be included as a part of his appeal in this case.  (*See* Tr. 51, 73-99).  In his denial of request for review, the Appeals Council, specifically indicated that it:

> also looked at records from William Beaumont Hospital dated June 20, 2009 through April 7, 2012 (27 pages). The Administrative Law Judge decided your case through December 31, 2008, the date you were last insured for disability benefits. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled at the time you were last insured for disability benefits.

The Court considers this further affirmation that the ALJ was justified in his decision to focus his attention on the records during the relevant time period as it was plaintiff's burden to prove disability prior to the expiration of his insured status. *See* 42 U.S.C. §§ 401 *et seq*; *Jones*, 336 F.3d at 474.

stenosis and a normal lumbar spine alignment. (Tr. 29, citing Ex. 5F/4). Additionally, the ALJ noted a more recent CT scan of the lumbar spine that still only showed mild degenerative changes without an acute fracture or compression deformity. (Tr. 29, citing Ex. 9F/4). As the Commissioner points out, the regulations squarely contemplate discounting a claimant's credibility based on consideration of his minimal treatment history. *See* SSR 96-7p, 1996 WL 374186, at *7; 20 C.F.R. §§ 404.1529(c)(3), 416.923(c)(3).

The ALJ also considered plaintiff's testimony regarding his daily activities to assess his credibility. It is well-settled that an ALJ can consider this information in assessing a claimant's credibility. 20 C.F.R. § 404.1529(c)(3)(I); *see also Warner*, 375 F.3d at 392 (recognizing that in nearly all cases, an evaluation of a claimant's daily activities is relevant to the evaluation of subjective complaints and ultimately, to the determination of disability); *Heston*, 245 F.3d at 536 (an ALJ may consider claimant's testimony of limitations in light of other evidence of claimant's ability to perform tasks such as walking, going to church, going on vacation, cooking, vacuuming and making beds). Here, the ALJ noted that plaintiff reported that his activities included fishing, doing laundry, mowing the grass, and shopping. (Tr. 28). The ALJ also mentioned that in 2008, plaintiff testified that he could "lift up to twenty pounds without repeating, and only up to ten pounds repeatedly; was able to sit twenty minutes; and standing in one place is

21

difficult if more than ten minutes." (Tr. 28).

In sum, the ALJ evaluated the extent to which the severity of plaintiff's pain could reasonably be accepted as consistent with the medical evidence, and found plaintiff's testimony not fully credible. It is well-settled that "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters*, 127 F.3d at 531. For the reasons stated above, the undersigned concludes that there is substantial evidence in the record to support the ALJ's credibility findings here.

2.      The RFC is Supported by Substantial Evidence

Here, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to:

> perform a range of light work as defined in 20 CFR 404.1567(b). The claimant is capable of lifting and carrying twenty pounds occasionally and ten pounds frequently; can stand six hours out of an eight-hour workday; and sitting six hours out of an eight-hour workday. The claimant can frequently climb ramps and stairs; occasionally climb ladders, ropes and scaffolds; frequently balance; and occasionally stoop, kneel, crouch and crawl.

(Tr. 28).

In addition to the medical evidence noted above, the ALJ considered the opinion of the State agency medical reviewer, Dr. Bernard Stevens. (Tr. 29, 100-

22

08). In his report, Dr. Stevens concluded that plaintiff should be limited to a range of light exertional work, lifting and carrying 20 pounds occasionally and ten pounds frequently. (Tr. 105). Dr. Stevens opined that plaintiff could stand and walk six hours in an eight hour work-day. (*Id*.) Additionally, the ALJ noted the following regarding Dr. Stevens' assessments:

> Dr. Stevens opined the claimant had postural limitations of frequently climbing ramps and stairs; frequently climbing ladders, ropes and scaffolds; frequently balancing; and occasionally stooping, kneeling, crouching and crawling (Ex. I A/6-8). Dr. Stevens based his limitations upon a finding of degenerative disc disease (Ex. IA/4). Dr. Stevens noted there were no diagnostic tests in the relevant time period before the claimant's date last insured; and noted the only evidence was a lumbar CT performed in April 2010 demonstrating diffuse spondylotic changes only (Exs. 1A/7, 5F/4). Additionally, Dr. Stevens noted the claimant reported problems with lifting (Exs. I A/7).

(Tr. 29).

The ALJ acknowledged that plaintiff does experience "some level of pain and limitation." (Tr. 29). However, the Court agrees with the Commissioner that based on the objective and opinion evidence that the RFC is supported by substantial evidence. That reasonable minds might disagree with the ALJ's conclusion does not warrant a remand because the Court will not "try the case de novo, nor resolve conflicts in the evidence." *Walters*, 127 F.3d at 528. To the extent plaintiff's credibility argument bears on whether the RFC is supported by

23

substantial evidence, that argument has been dispensed with above. Accordingly, the ALJ's decision is supported by substantial evidence and plaintiff's second claim of error should be dismissed.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the decision of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.

Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.   Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).   The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 27, 2015               s/Michael Hluchaniuk
                                      Michael Hluchaniuk
                                      United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on February 27, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov

25